UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADVOTIS GENERAL TRADING, LLC,

  Petitioner,

Case No. 21-mc-50963

Hon. Denise Page Hood

v.

UNITED STATES OF AMERICA,

  Respondent.

_____/

**ORDER GRANTING MOTION TO AMEND PETITION (ECF No. 2), DENYING AND DISMISSING AMENDED PETITION TO REQUEST REMISSION OF SEIZED FUNDS (ECF No. 3), MOOTING INITIATING PETITION TO REQUEST REMISSION OF SEIZED FUNDS (ECF No. 1), and DISMISSING MISCELLANEOUS ACTION**

This matter is before the Court on Petitioner Advotis General Trading, LLC's ("Advotis'") July 20, 2021 Motion to Amend Petition and Amended Petition to Request Remission of Seized Funds (ECF Nos. 2, 3) pursuant to Fed. R. Crim. P. 41(g). A response and reply were filed, and a hearing was held on October 6, 2021.

**I. BACKGROUND**

This action is a companion case to a forfeiture action, *United States of America v. Currency $3,840,772.58, et al.*, 21-cv-10928. In addition to this miscellaneous action, there are three separate miscellaneous actions involving Capricorn Goods Wholesaler, LLC ("Capricorn"), Perfect Frame, LLC ("Perfect

1

Frame"), and Camaro Impex General Trading, LLC ("Camaro"). These entities also seek remission of seized funds related to the companion forfeiture action under Fed. R. Crim. P. 41(g). See, *Capricorn Goods Wholesaler LLC v. United States of America,* 21-mc-51128; *Perfect Frame, LLC. v. United States of America,* 21-mc-51029; *Camaro Impex General Trading, LLC v. United States of America,* 21-mc-51162.

Advotis alleges that it is a trading company based in Dubai, United Arab Emirates which "imports and exports throughout the world." (ECF No. 3, PageID.97). In dispute are 15 seizures made totaling $528,896.00 taken from intermediary banks after being debited from Advotis' "Dubai-based bank accounts." (*Id.,* PageID.99). The funds were allegedly seized between December 20, 2020 and January 3, 2021. (*Id.*). The intermediary banks from which the funds were seized are Citibank, Mashreq Bank New York, and Bank of America. (*Id.*). Advotis alleges that Citibank informed it that the funds were seized "pursuant to a United States Government court order" and that Advotis was directed to contact Assistant United States Attorney Gjon Juncaj ("AUSA Juncaj"). (*Id.*, PageID.100). Advotis alleges that in addition to the 15 seizures, another 19 seizures were made between December 20, 2020 and January 3, 2021, all through the intermediary bank of Citibank, for $716,779.00 but that Advotis was not informed that the funds had been seized pursuant to either a court order or seizure warrant. (*Id.*, PageID.101-102). Advotis

alleges that the Government has seized a total of $1,245,675.00. (*Id.* PageID.108)

Advotis states that its representative contacted the Government as early as January 20, 2021 to ascertain the basis of the seizures and was informed by email from a representative of the Internal Revenue Service ("IRS") that "forfeiture proceedings will be initiated in the United States against the seized funds," giving Advotis "an opportunity to contest the seizure/forfeiture in United States District Court." (ECF No. 3, PageID.101). Advotis acknowledges that on March 4, 2021, Advotis was informed by AUSA Juncaj that funds were seized pursuant to an authorized seizure warrant and that the warrant were under seal. (*Id.*, PageID.103). Mr. Juncaj informed Advotis that a sealed companion case would be filed within 60 days. (*Id.*). While Mr. Juncaj informed Advotis on June 9, 2021 that the business accounts in question were suspicious, Advotis states that "[a]t no time prior to the first seizure on December 20, 2020 was [it] informed that [its] wire transfers were suspicious or subject to seizure and forfeiture . . ." (*Id.*, PageID.104). Advotis seeks remission of the funds pursuant to Fed. R. Crim. P. 41(g).

In response, the Government argues that the funds in dispute were seized "pursuant to federally authorized seizure warrants" and that the action should be dismissed. (ECF No. 6, PageID.197). It notes that the seizure was initiated under seal in the United States District Court for the Eastern District of Michigan. (*Id.*, PageID.198). As authorized by the sealing court, the Government states that the

docket number of the sealed forfeiture action was provided to Ms. Castaneda after being advised that she represented Advotis in the forfeiture action. (*Id.,* PageID.198-199). The Government notes that on August 11, 2021, it filed an Amended Complaint for Forfeiture and a request that the Amended Complaint be unsealed. (*Id.*). Pursuant to the Court's September 28, 2021 order, the Government filed its Second Amended Complaint on September 30, 2021, which has now been unsealed. See, Case No. 21-cv-10928 (ECF Nos. 8-9).

## II. APPLICABLE LAW

Under Fed. R. Crim. P. 41(g):

> "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

Rule 41(g), previously codified as 41(e), is an equitable remedy. *Shaw v. United States*, 891 F.2d 602, 603 (6th Cir. 1989). In *Shaw,* the Court found that the lower court properly denied Shaw's Rule 41(e) motion for return of her property "on the grounds that there was a specific remedy provided for at law which she failed to pursue." *Id.*; *see also United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988)("[W]hen a civil forfeiture proceeding is pending, there is no need to fashion an equitable remedy to secure justice for the claimant. The district

4

court did not err in denying the Rule 41(e) motion").

Forfeiture actions in rem such as the underlying action are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Act ("Rule G"). Under Rule G(3)(c)(ii)(B), "the authorized person or organization must execute the warrant and any supplemental process on property in the United States as soon as practicable unless . . . the court orders a different time when the complaint is under seal, the action is stayed before the warrant and supplemental process are executed, or the court finds other good cause." Under G(4)(b)(iii)(B)(Notice to Known Claimants), "Notice may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case."

### III. ANALYSIS

Advotis seeks the remission of the seized funds, under Fed. R. Civ. P. 41(g), arguing that the Government has no legitimate reasons for failing to remit the seized funds. (ECF No. 3, PageID.104-105). Advotis states that it is "unable to determine the statutory basis for the seizure of funds; the status of the funds; [or] the status of any seizure and/or forfeiture actions taken on behalf of the United States." (*Id.*, PageID.108). Advotis also alleges that "[t]here are no facts to support that venue is proper in the District of Eastern Michigan" under 28 U.S.C. § 1391. (*Id.*,

5

PageID.112). Advotis notes that the Civil Asset Forfeiture and Reform Act ("CAFRA") "requires a 60-day period for the government to notify prospective beneficial owners of seized property to allow them an opportunity to contest the seizure." (*Id*., PageID.107-108)(*citing* 18 U.S.C. § 983).

Advotis states further that probable cause did not exist for the seizure and that a preponderance of the evidence does not support the forfeiture of the funds as required by the U.S. Department of Justice Asset Forfeiture Manual, Chapter 2, Section I, Seizure and Restraint Overview; Internal Revenue Manual 9.7.2.7.1, Seizure Warrant, and Internal Revenue Manual 9.7.2.7.8, Burden of Proof. (*Id*., PageID.111). Advotis states that while the Government "has retained control of the seized funds for over 180 days," as of the day this Petition was filed, it "has yet to provide notice . . . of any seizure or forfeiture proceedings." (*Id*., PageID.108-109). Advotis argues further that "[t]here are no facts to support that venue is proper in the District of Eastern Michigan." (*Id*., PageID.112).

In response, the Government does not oppose the Motion to Amend the Petition for Remission of Seized Funds, but contends that the Petition should be dismissed for lack of subject matter jurisdiction, arguing that "[i]t is well established that a request for the return of property under Rule 41(g) should be dismissed where forfeiture proceedings have been initiated by the United States." (ECF No. 6, PageID.199)(*citing Shaw, supra,* 891 F.2d at 603). The Government

6

argues that Rule G "provides Petitioner with an adequate remedy under the law" which "is replete with procedural protections for claimants of seized assets in civil judicial forfeiture proceedings." (*Id*., PageID.200).

As to Advotis' claim that it was not given timely notice of the seizure, the Government cites Rule G(3)(c)(ii)(B), which states that the "court may order a different service of process time 'when the complaint is under seal, the action is stayed before the warrant and supplemental process are executed, or the court finds other good cause.'" (*Id*., PageID.200-201). The Government notes that Ms. Castaneda was informed that the forfeiture had been initiated before the filing the present action and that at the time of its response, it had already requested that the forfeiture action be unsealed. (*Id*., PageID.199, 201-202). Finally, the Government argues that the deadline requirements of CAFRA are inapplicable to non-administrative forfeitures such as the present action. (*Id*., PageID.203).

In reply, Advotis restates its challenge to venue in the Eastern District of Michigan. (ECF. No. 7, PageID.208). Advotis faults the Government's reliance on *Shaw* in support of dismissal of the present action, arguing that unlike here, the claimant in *Shaw* received but ignored notice of an available remedy at law. (*Id*., PageID. 211). Advotis does not directly dispute the Government's contention that CAFRA does not apply the current action but cites a Department of Justice Policy manual stating that the Government should commence a forfeiture action within 90

7

of receiving a request for the release of seized property. (*Id.*, PageID.212).

The Government is correct that "Rule 41(g) motions cannot be brought after the government has initiated civil statutory proceedings where the aggrieved party has an adequate remedy through those proceedings." *Mercedes Benz of St. Clair Shores v. Drug Enf't Admin.*, No. 19-11954, 2019 WL 6877889, at *3 (E.D. Mich. Dec. 17, 2019)(Levy, J.)(*citing Brown v. United States*, 692 F.3d 550, 552–53 (6th Cir. 2012))(upholding the district court's dismissal for lack of subject matter jurisdiction over a Rule 41(g) motion "where the government initiated civil proceedings" providing the claimant "with an adequate remedy for vindicating her interest in the seized funds"); *See also Shaw,* 891 F.2d at 603 ("Under standard equity doctrine, where there is an adequate remedy at law it must be pursued.").

While Advotis claims that *Shaw* is distinguishable because the claimant received but ignored notice of an adequate remedy at law, it does not dispute that in this case, a forfeiture action was initiated on or around April 26, 2021, and that once the complaint was unsealed, Advotis could make a claim for remission of the seized funds in the present forfeiture action. Advotis' argument that it does not have an adequate remedy at law is without merit.[1] Advotis can raise issues in the

---

[1] Advotis' reliance on *Floyd v. United States*, 860 F.2d 999, 1004 (10th Cir. 1988), in which the Court retained jurisdiction in the Rule 41 action, is also unavailing. First, at the time of hearing in the Rule 41 action, the Government had not published notice of the forfeiture proceedings. *Id.* Second, the Court found that the statutory basis for recovery in the Government's forfeiture action would not provide an adequate remedy at law. *Id.* at 1004-1005.

underlying forfeiture proceedings, including the claims that the Government cannot meet its burden of proof or has failed to provide a basis for jurisdiction under Rule G(2). Advotis can also raise the issue of whether it was provided timely notice of the seizure or the statutory basis of the forfeiture in the forfeiture action.[2]

Because Advotis' challenges to the seizure can be wholly addressed in the underlying forfeiture action, the current Amended Petition will be dismissed. Advotis has an adequate remedy at law before the underlying forfeiture action. The statutory provisions of the forfeiture action and applicable Rules must be followed.

## IV. CONCLUSION AND ORDER

For the reasons set forth above,

**IT IS ORDERED** that Advotis' Motion to Amend Petition for Remission of Seized Funds (ECF No. 2) is **GRANTED.**

---

[2] While Advotis claims that the forfeiture action was not timely, under Rule G, "the government may secure an order sealing the complaint in a civil forfeiture action; such a seal may be ordered for reasons including protection of an ongoing criminal investigation." *United States v. Real Prop. Located at 6250 WT Montgomery Rd., Bexar Cty., San Antonio, Texas*, No. SA:14-CV-584-DAE, 2014 WL 12886833, at *1 (W.D. Tex. Nov. 25, 2014)(internal citations omitted); Rule G(3)(c)(ii)(B). The Government's Second Amended Complaint for Forfeiture states that a sealed complaint for forfeiture was filed "on or about April 26, 2021." (Case No. 21-10928, ECF No. 9, Page ID 175).

**IT IS FUTHER ORDERED** that the Amended Petition for Remission of Seized Funds (ECF No. 3) is **DENIED and DISMISSED** and the Initiating Petition to Request Remission of Seized Funds (ECF No. 1) is **MOOT**.

**IT IS FURTHER ORDERED** that this miscellaneous action is **DISMISSED** and **DESIGNATED AS CLOSED** on the Docket.

                                        s/Denise Page Hood
                                        DENISE PAGE HOOD
                                        United States District Judge

DATED:  September 6, 2023